# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-1209EM

———————

Carol Sue Harvey; John Harvey,     *

                              *   On Appeal from the United

             Appellants,       *   States District Court

                              *   for the Eastern District

     v.                          *   of Missouri.

                              *

John Thatcher,               *   [Not To Be Published]

                              *

            Appellee.        *

———————

Submitted: August 4, 1999

Filed: August 16, 1999

———————

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

———————

PER CURIAM.

John and Carol Harvey appeal from the District Court's[1] order denying their "third motion to reverse" an adverse grant of summary judgment. We affirm.

In May 1996, the Harveys filed a complaint against St. Genevieve County Sheriff's Deputy Thatcher. The Harveys claimed that Thatcher approached Carol and

———

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

"asked for John," and Carol showed Thatcher a document indicating John was in custody; and that two days later, law-enforcement officers illegally entered Carol's home without a warrant, brandished weapons, and intercepted her telephone calls.

In August 1996, Thatcher filed a motion for summary judgment, arguing that he had committed no act giving rise to liability. He attached John's "Answer for Request for Admissions," stating that "Thatcher did not enter home of Plaintiff unlawfully," and that "Thatcher [was] not believed to be in a conspiracy to unlawfully enter Plaintiff's home."

In January 1997, the District Court[2] granted Thatcher's unopposed motion for summary judgment. John then filed a "motion for reconsideration" of the grant of summary judgment, asserting that Thatcher was responsible for the other officers' illegal entry because he negligently failed to tell his superiors that John was in custody. The Court denied the motion for reconsideration. Carol then filed a motion to "reverse [Thatcher's] dismissal," arguing the document admitting that Thatcher had not entered the home unlawfully was signed only by John. The Court noted that Carol's motion did not dispute John's admissions, and concluded that there was no basis for changing the order granting summary judgment for Thatcher. The Harveys filed a "third motion to reverse dismissal of Defendant Thatcher," arguing that John's admissions did not contain Carol's signature, that John had been forced to take "mind altering" drugs, and that John had been "ordered to probation" and to pay thousands of dollars. In a November 13, 1998, order, the Court noted that Thatcher had been granted summary judgment and that the Harveys' original "Motion to Reverse" had been denied. The Court refused to rehear the issue and denied the "motion to reverse."

---

[2]The Honorable George F. Gunn, Jr., late a United States District Judge for the Eastern District of Missouri.

The Harveys now appeal from the November 13 order. Having carefully reviewed the record and the parties' briefs, we conclude the District Court did not err in denying the Harveys' "third motion to reverse." The Harveys merely repeated the allegations contained in their complaint, repeated arguments from their earlier "motions to reverse," failed to indicate why they had not responded to the summary judgment motion, and failed to allege any circumstances warranting relief.

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.